Filed 1/22/25  P. v. Cosner CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G064465 |
| v. | (Super. Ct. No. FSB23002181) |
| JOSIAH ADRIAN COSNER, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of San Bernardino County, David S. Cohn, Judge. Affirmed.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Kristin Ramirez, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Josiah Adrian Cosner appeals from the judgment of conviction entered after a jury found him guilty of receiving a stolen vehicle and the trial court found he suffered four prior convictions. Cosner's only argument in this appeal is the trial court abused its discretion by imposing the upper four-year prison term. For the reasons we explain, the record shows the trial court understood and applied the correct law at the sentencing hearing and did not abuse its discretion by selecting and imposing the upper term. We therefore affirm.

FACTS

Around 11:00 p.m. on June 29, 2023, Sean V. parked and locked his parents' car (the car) in a parking lot at California State University San Bernardino. The following morning, he returned to the parking lot but found the car missing; he saw broken glass on the ground where the right passenger window had been. He contacted police and made a report.

On July 1, 2023, Redlands Police Officer James Ragan received a stolen vehicle notification from the police department's Flock System. The Flock System is a system of cameras that have automated license plate readers. The Flock System notifies officers by e-mail when a stolen vehicle is detected by one of the cameras which takes a snapshot of the vehicle.

Ragan received an alert a camera at a particular intersection had detected the car's license plate. He received an image from the camera showing the car with the identified license plate; the vehicle appeared to have a single occupant wearing a white shirt.

While driving in the area of the intersection, Ragan saw the car parked in a park about 400 feet from where the Flock System indicated the vehicle's license plate had been detected. The front passenger window of the car was completely shattered and the vehicle's ignition column appeared to

2

be stripped with nowhere to insert a key. Sean V. testified that when he left the car in the college parking lot on June 29, the car's window was not damaged and the steering column was intact.

When Ragan arrived at the park, he saw Cosner closing the driver's door of the car and walking toward the park restrooms. Cosner was wearing a white shirt like the one worn by the unidentified driver in the Flock System camera's image. Ragan placed Cosner under arrest. During an interview at the police department, Cosner denied stealing the car and said he had recently purchased it.

PROCEDURAL HISTORY

In 2023, Cosner was charged in a felony complaint with driving or taking a vehicle without consent (Veh. Code, § 10851, subd. (a); count 1) and receiving a stolen vehicle (Pen. Code, § 496, subd. (d); count 2).[1] The complaint alleged as to both counts Cosner suffered four prior felony convictions, within the meaning of section 666.5, subdivision (a).

A jury found Cosner guilty on count 2 but not guilty on count 1. Following a bench trial, the trial court found the prior conviction allegations true and also found true two aggravating factors: Cosner's prior convictions were "numerous" and his prior performance on probation and supervision was "unsatisfactory."

---

[1] All further code references are to the Penal Code unless otherwise stated.

3

The trial court sentenced Cosner to a total term of four years in the "county prison" by imposing the upper term for count 2.[2] Cosner filed a timely notice of appeal.

DISCUSSION

I.

GOVERNING LEGAL PRINCIPLES AND STANDARD OF REVIEW

Within the year before Cosner was sentenced in December 2023, on January 1, 2022, several amendments to section 1170 went into effect. (Sen. Bill No. 567 (2021-2022) (Stats. 2021, ch. 731, § 1.3).) One change was the addition of subdivision (b)(6). While subdivision (b)(1) of section 1170 provides the middle term is the presumptive term of imprisonment, subdivision (b)(6) requires the imposition of the lower term sentence under certain circumstances. Subdivision (b)(6) of section 1170 provides: "[U]nless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including . . . abuse, neglect, exploitation," or (B) The person was under the age of 26 when the offense was committed.

---

[2] During the pendency of this appeal, Cosner's appellate counsel filed a letter stating Cosner's felony abstract of judgment was missing from the clerk's transcript. Counsel requested copies of that document be transmitted to this court and to counsel. In response, the deputy clerk of the Appeals Division of the San Bernardino Superior Court filed an affidavit stating that there is no felony abstract of judgment in this case because Cosner was sentenced to county prison and not to state prison and "[a]n Abstract of Judg[]ment is not prepared for County Prison time."

This new provision restrains a court's discretion to impose an upper or middle term sentence as it creates a presumption the court "*shall*" impose the lower term when the court finds one of the delineated factors contributed to the commission of the defendant's offense, "'unless the court finds that the aggravating circumstances outweigh the mitigating circumstances [so] that imposition of the lower term would be contrary to the interests of justice.'" (*People v. Salazar* (2023) 15 Cal.5th 416, 426.) A sentencing court's decision whether to impose the lower term under this subdivision requires both factual determinations and discretionary sentencing decisions. (*Id.* at p. 428, fn. 8; *People v. Achane* (2023) 92 Cal.App.5th 1037, 1044 [court's decision to apply § 1170, subd. (b)(6) "depends on both factual determinations and the exercise of discretion"].) "After a sufficient factual basis to support the circumstances in aggravation or mitigation is found, the court enjoys broad discretion in its sentencing determination." (*People v. Hilburn* (2023) 93 Cal.App.5th 189, 205.)

We review a court's discretionary sentencing decisions for an abuse of that discretion, "evaluating whether the court exercised its discretion 'in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an "individualized consideration of the offense, the offender, and the public interest."' [Citation.] . . . 'A failure to exercise discretion may also constitute an abuse of discretion.' [Citation.] "'A court which is unaware of the scope of its discretionary powers can no more exercise that 'informed discretion' than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.'"'" (*People v. Panozo* (2021) 59 Cal.App.5th 825, 837.)

## II.

### THE TRIAL COURT'S EXERCISE OF DISCRETION DID NOT CONSTITUTE AN ABUSE OF DISCRETION

At the sentencing hearing, the trial court stated that because Cosner was convicted of a "violation of Penal Code section 496d(a) with the 666.5 findings," the applicable sentencing range was two, three, or four years. The court also noted two factors in aggravation were found to be true. Specifically, the court found Cosner's prior convictions were "numerous" (see Cal. Rules of Court, rule 4.421(b)(2)) and his prior performance on probation was "unsatisfactory" (see *id.* at (b)(5)). The court stated: "The [prior] convictions include four felony convictions for similar crimes, violation of Vehicle Code section 10851, vehicle theft. He was sentenced to the low term of 16 months in county prison in [one case]. And then there were six violations of probation in [another case], and he was sentenced to four years in state prison."

The trial court also found, for purposes of sentencing, Cosner was under the age of 26 years. The court stated: "The only one [mitigating factor] that I can think of is [Cosner]'s relative youth. It's reported to me that he's 23 years of age. I don't recall if that was in evidence or not, but I assume it to be true. And on the -- so that's the only mitigating factor that I could think of."

Cosner does not challenge the court's findings as to the two factors in aggravation in this appeal or the court's assumption and consideration of Cosner's age at 23 years old as a factor in mitigation. Instead, Cosner argues "the record affirmatively demonstrates that the trial court failed to exercise its informed sentencing discretion when it failed to consider [Cosner]'s physical trauma under Penal Code section 1170(b)(6)(a)."

6

(Boldface and some capitalization omitted.) The record belies Cosner's argument.

At the sentencing hearing, the trial court addressed Cosner's argument the court should impose the lower term pursuant to section 1170, subdivision (b)(6). In addressing this contention, the court first noted section 1170, "[p]aragraph (b)(1) says when a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the Court shall in its sound discretion order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph two. And paragraph two is not relevant for our purposes." The trial court then stated, "So going back to section [1170] (b)(6) it provides notwithstanding paragraph one . . . unless the Court finds that the aggravating circumstances outweigh the mitigating circumstances, that imposition of the low term would be contrary to the interests of justice, the Court shall order imposition of the lower term, if any of the following was a contributing factor in the commission of the offense. [¶] Subsection (A) to that, the person has experienced psychological, physical or childhood trauma including but not limited to abuse, neglect, exploitation or sexual violence."

The court further acknowledged section 1170, subdivision (b)(7) provides "Paragraph (6) does not preclude the Court from imposing the lower term, even if there is no evidence of those circumstances listed in paragraph six present." The court stated: "So looking at this statutory scheme (b)(6) provides an exception when the Court is otherwise required to impose a sentence, not exceeding the middle term. That's not the case here because of the aggravating factors. Because of the aggravating factors that were found true in the post-jury trial portion of the trial, I am not obligated to impose a

7

sentence not exceeding the middle term. So statutorily, I don't think that subsection (b)(6) applies here."

With regard to its comment on the applicability of section 1170, subdivision (b)(6), the court explained "the only circumstance cited in [Cosner]'s brief is [Cosner]'s alleged traumatic brain injury suffered as a child." The court further stated Cosner, however, failed to present evidence of any such traumatic brain injury. Consequently, the court indicated while it was uncertain whether a physical injury caused by a childhood accident was the type of trauma contemplated by subpart (A) of section 1170, subdivision (b)(6), even assuming it is, given the broad statutory language, "[t]here isn't any evidence provided."

The court further stated, assuming section 1170, subdivision (b)(6) applied, the court found "the aggravating circumstances outweighed the mitigating circumstances such that imposition of the lower term would be contrary to the interest of justice." The court invited counsel to "point out some other mitigating factors" aside from Cosner's youth, but stated its conclusion "the aggravating factors, the four felony convictions, in a relatively short period of time, six failures at probation ending up in a four-year prison sentence, I think that is substantially outweighed."

The court thereafter announced its intention to impose the upper term for the reasons it had stated and asked whether counsel "want[ed] to address anything or may we proceed?" Cosner's trial counsel responded: "I think I did include it in my brief that the injury occurred from falling on a concrete step. I included that information about the traumatic brain injury more to address the history on probation and why Mr. Cosner may have had such failure to cooperate, follow through and the impulsivity issues, but I will

8

submit." The trial court responded, "And yeah, we don't have any medical evidence of any kind."

Cosner's sentencing brief stated Cosner was injured after falling against a raised concrete step. Attached to the brief was a copy of an academic article entitled "Neurobehavioral sequelae of traumatic brain injury: evaluation and management." Cosner suggests in his opening brief some of the trial court's comments at the sentencing hearing reflect the possibility the court imposed a higher standard of proof with regard to physical trauma as a mitigating factor than is called for in section 1170, subdivision (b)(6). We read the trial court's comments cited by Cosner to merely elaborate on the absence of evidence showing Cosner had suffered any such physical trauma or its causal connection to the instant offense; we do not construe the court's comments to require any particular quantum or type of proof.

Based on this record, we conclude the trial court properly exercised its discretion in finding Cosner did not produce any evidence he suffered any such injury, much less evidence relevant to showing how any such injury "was a contributing factor in the commission of the offense." (§ 1170, subd. (b)(6).) Cosner's argument he suffered a physical trauma was supported only by his counsel's assertions in the sentencing brief. The trial court could have properly found such assertions carry little weight and are insufficient to support the existence of the physical trauma mitigating factor under any standard of proof.

In sum, the record shows the trial court understood and applied the governing law in exercising its discretion to impose the upper term sentence because the factors in aggravation outweighed any factor in mitigation. We therefore find no abuse of discretion.

9

## DISPOSITION

The judgment is affirmed.


                                        MOTOIKE, J.

WE CONCUR:


MOORE, ACTING P. J.


DELANEY, J.